IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYMOND R. MILLER and
JO ANNA MILLER,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 18-2668-DDC-TJJ

## MEMORANDUM AND ORDER

Pro se plaintiffs Raymond and Jo Anna Miller[1] filed this action on December 6, 2018, suing various IRS officers and employees. On, March 11, 2019, the United States filed a motion asking the court to substitute it as the proper defendant in place of the IRS officers and employees. Doc. 6. The court granted that motion. Doc. 10. This matter is now before the court on the defendant's Motion to Dismiss (Doc. 11). Plaintiffs have filed a Response (Doc. 16) and defendant has replied (Doc. 17). And, defendant has filed a Notice of Supplemental Authority (Doc. 19).

---

[1] Because plaintiffs proceed pro se, the court construes their filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 n.1 (10th Cir. 2006). But the court does not become an advocate for the pro se parties. *See Hall*, 935 F.2d at 1110. Likewise, plaintiffs' pro se status does not excuse them from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## I. Background

When considering a motion to dismiss, the court accepts well-pleaded factual allegations asserted by the Complaint as true and views them in the light most favorable to plaintiffs. *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

Plaintiffs' Complaint asserts that they cannot be compelled to pay taxes on their income. Doc. 1 at 3. Plaintiffs' Complaint alleges "federal agents in the guise of IRS agents" have taken $134,562.63 from plaintiffs since 2001 and continue to take their social security checks. *Id.* at 2. They allege the "takings were executed without judicial court orders and without a warrant" and were not supported by probable cause. *Id.* The Complaint references various sources to support their assertions, including the International Covenant on Civil and Political Rights and the Declaration of Independence. Plaintiffs claim "[they] cannot be compelled or forced to contribute to the social, economic and cultural development of the United States." *Id.* at 3. And, "[a]nyone who forces [them] to contribute to the social, economic and cultural development of the United States is committing a violation of the Law of Nations . . . ." *Id.*

Plaintiffs allege that the government cannot collect their outstanding tax liability because taxation is "illegal" and "unlawful." *Id.* at 3, 5–7. Additionally, plaintiffs claim, they did not receive a pre-assessment Notice of Deficiency, and they thus are entitled to an injunction. Plaintiffs attached to their Complaint copies of orders issued by the United States Tax Court that—they allege—show that no Notices of Deficiency were ever issued. *Id.* at 5; Doc. 1-1; Doc. 1-2.

Plaintiffs' Complaint alleges seven causes of action against defendant. The court has categorized their claims into four categories: (1) Fourth Amendment violations, (2) conspiracy to commit Fourth Amendment violations, (3) levy of plaintiffs' property without a Notice of Deficiency in violation of 26 U.S.C. § 6231, and (4) Eighth Amendment violations. Plaintiffs seek "[a] permanent injunction" against defendant, "[r]eturn of each and every dollar seized without warrant and without a judicial order," "[r]eturn [of] all funds taken from any and all accounts," costs, and attorney's fees. *Id.* at 9.

## II. Legal Standard

Defendant moves for dismissal on two grounds: lack of subject matter jurisdiction and failure to state a claim.

### A. Rule 12(b)(1) Standard

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally, a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack. *Holt v. United States*, 46

F.3d 1000, 1002–03 (10th Cir. 1995). "First, a facial attack on the complaint's allegations [about] subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Id.* at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

"Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* at 1003 (citations omitted). "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." *Id.* (citations omitted). "A court has wide discretion to allow affidavits, other documents, and [to conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* (citations omitted); *see also Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1063–64 (10th Cir. 2012).

### B. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must take the complaint's factual allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). A court also "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

**III.   Analysis**

Defendant moves to dismiss for lack of subject matter jurisdiction or, in the alternative, failure to state a claim. Doc. 11 at 1. The court considers each of defendant's arguments for dismissal, in turn, below.

**A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant contends that sovereign immunity bars plaintiffs' suit. Doc. 12 at 10. Plaintiffs' Complaint "fail[s] to expressly identify any statutory waiver of sovereign immunity that might allow their action to proceed in federal district court." *Id.* Plaintiffs respond with largely irrelevant arguments, including an objection to the court substituting the United States as a party. Plaintiffs contend that there is a substantive difference between the "United States" and "UNITED STATES OF AMERICA." Doc. 16 at 1. Plaintiffs object to the United States as a party because "the United States is a fictional entity and has no ability to read, write or speak."

5

*Id.* at 2. And, plaintiffs wrongly assert "[t]here is no sovereign immunity or immunity of any kind for anyone or any entity in the supreme Law of the Land." *Id.* at 3. This is because, plaintiffs contend, the remedy they seek stems from a United Nations Charter, which does not provide sovereign immunity. *Id.* at 3–4.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* And, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied . . . ." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Plaintiffs seek three forms of relief in their Complaint. Below, the court considers each one, and analyzes whether plaintiffs have met their burden of showing defendant has waived sovereign immunity and whether the court has subject matter jurisdiction.

   **1.**  **Injunctive Relief**

Plaintiffs seek a permanent injunction of undefined proportion and duration. Defendant construed plaintiffs' request to seek an injunction "against further collection of [plaintiffs'] income tax liabilities." Doc. 12 at 12. The court construes plaintiffs' request, in context, the same way as defendant.

Under the Anti-Injunction Act, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person" unless an exception applies. 26 U.S.C. § 7421(a). One such exception, found in 26 U.S.C. § 6213(a), permits a court to enjoin the assessment or beginning of a levy proceeding if a taxpayer properly files a case within 90 days of receipt of a deficiency notice.

Plaintiffs purport to have filed a case before the United States Tax Court and attach the

judgment they received in that case. Doc. 1-1. According to plaintiffs, the Tax Court found that the IRS had not sent plaintiffs deficiency notices for several tax years. But, plaintiffs misunderstand the Tax Court's order. The Order states "no notice of deficiency . . . was issued . . . that would permit [plaintiffs] to invoke the Court's jurisdiction." Doc. 1-1 at 1. The court did not find, as plaintiffs claim, that the IRS failed to send plaintiffs a deficiency notice. As the statute says, "[t]he Tax Court shall have no jurisdiction to enjoin any action or proceeding . . . unless a timely petition for a redetermination of deficiency has been filed." 26 U.S.C. § 6213(a); *see also Pietanza v. Comm'r*, 92 T.C. 729, 735 (1989) (explaining the basis for Tax Court jurisdiction). The Tax Court concluded only that no statutory notice had been issued within the relevant jurisdictional timeframe, and thus, plaintiffs in this case had no right to invoke the Tax Court's jurisdiction.

Here, plaintiffs have not presented a deficiency notice to the court—or plausibly alleged that one exists—falling within the applicable statutory period. And, although plaintiffs allege that the IRS failed to send deficiency notices, defendant explains that no deficiency notice was required. According to defendant, plaintiffs did not receive a deficiency notice because plaintiffs self-reported their tax liability during 2006, 2007, and 2011–2015. Doc. 12 at 14–15. So, defendant contends, no deficiency notice was required because any deficiency is "based on the amounts of tax that [plaintiffs] *self-reported*." *Id.* at 15; *see also* 26 U.S.C. § 6212(a) (a notice of deficiency is only mailed to the taxpayer "[i]f the Secretary determines that there is a deficiency"); *Perez v. United States*, 312 F.3d 191, 197 (5th Cir. 2002) ("[T]here is no 'deficiency,' in the tax code sense, where a taxpayer reports on his return that he owes an amount, but simply fails to remit such amount to the IRS." (citations omitted)).

The United States concedes that a deficiency notice was required for Mrs. Miller in 2008

7

and 2009 because she failed to file a tax return. And, the IRS found a deficiency for the plaintiffs' joint 2012 tax return. But, in Britton Wilson's Declaration, the United States submits sworn testimony that the IRS sent deficiency notices to plaintiffs and provided the court with copies of the notices. Doc. 12-1 at 5–6; Doc. 12-10 at 8–20; Doc. 12-11 at 7–19. And, the United States testifies, the IRS did not assess any deficiency against plaintiffs until more than 90 days after these deficiency notices were issued. Doc. 12-1 at 4–6. The court thus concludes that plaintiffs have failed to plead facts alleging an exception to the Anti-Injunction Act applies.

Two court created exceptions to the Anti-Injunction Act also exist. First, a plaintiff may sue for injunctive relief "if it is clear that under no circumstances could the government ultimately prevail." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962). And, second, a plaintiff may sue for injunctive relief if "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *South Carolina v. Regan*, 465 U.S. 367, 373 (1984). Plaintiffs have failed to plead facts to invoke either judicial exception to the Anti-Injunction Act.

First, plaintiffs have not alleged that the government cannot prevail. And, second, plaintiffs have an alternate remedy available. Plaintiffs may challenge their tax determination by first paying the assessment, filing an administrative claim for a fund, and then filing an action against the IRS if it denies the refund claim. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund of credit has been duly filed with the Secretary . . . ."). So, plaintiffs have not alleged facts that show either judicial exception to the Anti-Injunction Act applies. The court thus concludes that it does not have subject matter jurisdiction over plaintiffs' claim for injunctive relief.

### 2. Tax Refund

Plaintiffs also seek "[r]eturn of each and every dollar seized without warrant and without a judicial order." Doc. 1 at 9. Defendant contends plaintiffs' refund claim is also barred by sovereign immunity because plaintiffs "have failed to comply with the 'full payment rule' and the requirements of 26 U.S.C. § 7422(a) and 26 U.S.C. § 6511(a)." Doc. 12 at 17. The court agrees with defendant.

Plaintiffs may file a refund action under 28 U.S.C. § 1346(a) only if they have paid "the full tax before suit." *Flora v. United States*, 362 U.S. 145, 150–151 (1960); *see also Hook v. United States*, 624 F. App'x 972, 978 (10th Cir. 2015). Plaintiffs also must file an administrative claim for a refund before bringing suit. 26 U.S.C. § 7422(a). In Mr. Wilsons's Declaration, defendant has testified that plaintiffs have not paid their income tax assessment or filed any refund claims. Doc. 12-1 at 7–8. And plaintiffs' Reply does not dispute this testimony. *See* Doc. 17. Accordingly, plaintiffs have failed to plead their claim qualifies for an exception to defendant's sovereign immunity. The court concludes that it does not have subject matter jurisdiction over plaintiffs' claim for a tax refund.

### 3. Damages

Plaintiffs seek $50,000 from each IRS agent named in the Complaint, "[c]osts of court and reasonable attorney's fees," and "[a]ny other awards which the court deems appropriate." Doc. 1 at 6, 9. It appears plaintiffs seek damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1 at 1. But, the court already has substituted the United States as the defendant in this action. Doc. 10. Although plaintiffs cite *Bivens*, this action cannot fairly be construed as a *Bivens* action.

Plaintiffs' Complaint challenges the IRS's assessment and collection of income taxes.

9

And, plaintiffs seek damages from each IRS agent named in the Complaint. But, a plaintiff may assert a *Bivens* action only when government officials acting in their individual capacities have committed constitutional violations under color of federal law. *See Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853 (10th Cir. 2016) (allowing *Bivens* claim to proceed where "no inspector would have reasonably believed he could forcibly enter" plaintiff's building under the circumstances). And, the relief plaintiffs seek here can be secured only from the United States. This is because "the acts complained of consist of action taken by defendants in their official capacity as agents of the United States . . . ." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). Plaintiffs' Complaint alleges IRS agents have collected income taxes from them. And, plaintiffs allege, the collection of income taxes is "illegal" and "unlawful" under the Declaration of Independence and the International Covenant on Civil and Political Rights. Although plaintiffs conclude that their money was taken "without judicial court orders and without a warrant," plaintiffs provide no facts to support this conclusory allegation. Doc. 1 at 2. At bottom, plaintiffs' Complaint challenges the legality of income taxation in the United States. Thus, the court allowed the substitution and dismissed the IRS agents from this lawsuit.

The court concludes that it does not have subject matter jurisdiction over plaintiffs' claim for damages under *Bivens* because no government agent is a party to this lawsuit.

B.   **Motion to Dismiss for Failure to State a Claim**

Defendant contends plaintiffs' claim for damages—to the extent that plaintiffs seek any additional damages—should be dismissed for failure to state a claim. Although it is not clear whether plaintiffs seek additional damages beyond those addressed above, the court construes plaintiffs' Complaint to seek damages under 26 U.S.C. § 7433. Section 7433 permits a plaintiff to "bring a civil action for damages against the United States" if an IRS employee violates any

10

provision of the Internal Revenue Code. 26 U.S.C. § 7433(a). But, the court may not award damages if the plaintiff fails to exhaust its administrative remedies with the IRS. *Id.* § 7433(d)(1). These administrative remedies include filing an administrative claim for damages "in writing to the Area Director" for the area where the taxpayer resides. Treas. Reg. § 301.7433-1(e)(1). The claim must include (1) the taxpayer's contact information, (2) the grounds for the claim, (3) a description of the taxpayer's injuries, (4) the claim amount, and (5) the taxpayer's signature. *Id.* § 301.7433-1(e)(2)(i)–(iv).

Here, plaintiffs have failed to allege that they have pursued any administrative remedy with the IRS. Defendant testifies "the IRS has no record of receiving any administrative claim for relief under 26 U.S.C. § 7433 for [plaintiffs]." Doc. 12-1 at 8. And, plaintiffs allege no facts and present no evidence to the contrary. Plaintiffs have failed to allege facts sufficient to state a plausible claim for damages under 26 U.S.C. § 7433. *See Rosson v. United States*, 127 F. App'x 398, 400–01 (10th Cir. 2005) (affirming dismissal of damage claims under 26 U.S.C. § 7433 when plaintiffs did not allege a violation of Internal Revenue Code or that they exhausted their administrative remedies).[2] The court thus dismisses plaintiffs' claim for damages under 26 U.S.C. § 7433 for failure to state a claim.

IV. **Conclusion**

In sum, the court dismisses plaintiffs' claims for injunctive relief, a tax refund, and *Bivens* damages for lack of subject matter jurisdiction. And, the court dismisses plaintiffs' claim

---

[2] The court is mindful of *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018), where the Circuit held that a plaintiff's failure to file an EEOC charge "merely permits the employer to raise an affirmative defense of failure to exhaust . . . ." But, *Lincoln* does not suggest that it modifies *Rosson* and, given the binding authority adopted in *Rosson*, the court dismisses plaintiffs' claim for damages under 26 U.S.C. § 7433 because it fails to state a claim. *See Rosson*, 127 F. App'x at 400–01; *see also Hernandez v. Emmer*, 162 F.3d 1173 (Table), 1998 WL 732810, at *1 (10th Cir. Oct. 19, 1998) (affirming dismissal where plaintiff had "not alleged facts to support a claim under [ 26 U.S.C. § 7433]).

for damages under 26 U.S.C. § 7433 for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant United States of America's Motion To Dismiss (Doc. 11) is granted in its entirety.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to terminate this action.

**IT IS SO ORDERED**.

**Dated this 3rd day of December, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
